FILED
SEP 20 2010

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

LAUREN PAULSON,

    Plaintiff,

v.

FAIRWAY AMERICA CORPORATION,
FRANK KEEFE, FHLF, LLC, STERLING
SAVINGS BANK, WELLS FARGO
FOOTHILLS, JOAN DOE, MATT BURK,
and JOEL PARKER,

    Defendants.

CV 08-982-PK

AMENDED FINDINGS
AND RECOMMENDATION

PAPAK, Magistrate Judge:

    Plaintiff *pro se* Lauren Paulson filed this action against defendants Fairway America Corporation ("FAFC") and Frank Keefe on August 21, 2008. Paulson amended his complaint on November 25, 2008, adding FHLF, LLC ("FHLF"), Sterling Savings Bank ("SSB"), Wells Fargo

Page 1 - AMENDED FINDINGS AND RECOMMENDATION

Foothills ("WFF"), and Joan Doe as defendants. Paulson amended his complaint a second time on January 29, 2009, adding Matt Burk and Joel Parker as defendants. In his second amended complaint, Paulson alleges that he is representative of a putative class of similarly situated persons with claims against the defendants arising out of the defendants' allegedly improper lending practices. This court has federal question and supplemental jurisdiction over Paulson's action.

Now before the court is the motion (#78) for summary judgment filed by defendants FAFC, FHLF, WFF, and Burk, in which all other defendants join. I have considered the defendants' motion, all of the pleadings on file, and oral argument on behalf of the parties. For the reason set forth below, defendants' motion should be granted.

## LEGAL STANDARD

Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). Summary judgment is not proper if material factual issues exist for trial. *See, e.g., Celotex Corp. v. Catrett*, 477 U.S. 318, 322 (1986); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986); *Warren v. City of Carlsbad*, 58 F.3d 439, 441 (9th Cir. 1995), *cert. denied,* 116 S.Ct. 1261 (1996). In evaluating a motion for summary judgment, the district courts of the United States must draw all reasonable inferences in favor of the nonmoving party, and may neither make credibility determinations nor perform any weighing of the evidence. *See, e.g., Lytle v. Household Mfg., Inc.*, 494 U.S. 545, 554-55 (1990); *Reeves v. Sanderson Plumbing Products, Inc.*, 530 U.S. 133, 150 (2000).

## BRIEF STATEMENT OF MATERIAL FACT

In November 2005, Paulson was the sole member of Huber-Wheeler Crossing, LLC ("HWC"). At that time, HWC received a loan from defendant Fairway, secured by two properties in Washington County. In February 2008, HWC defaulted on the loan, and Fairway threatened to foreclose on the properties. In August 2008, Paulson filed this action.

In April 2009, HWC conveyed the two Washington County properties to Paulson, following which Paulson filed a Chapter 11 bankruptcy action. In his status as a debtor in possession, Paulson thereafter continued to pursue this action. In November 2009, Paulson converted his Chapter 11 bankruptcy into a Chapter 7 bankruptcy, and Amy Mitchell was appointed trustee of the bankruptcy estate.

In February 2010, Mitchell settled all claims pending in this action on behalf of the bankruptcy estate, and the bankruptcy judge signed an order approving the settlement. Paulson has appealed that order, but has not moved to stay implementation of the order pending his appeal.

## ANALYSIS

In April 2009, when Paulson filed a Chapter 11 bankruptcy action, a bankruptcy estate was created. *See* 11 U.S.C. § 541(a). That estate included all of Paulson's pre-filing assets, including his interest in this action. *See Turner v. Cook*, 362 F.3d 1219, 1226 (9th Cir. 2004), *citing Sierra Switchboard Co. v. Westinghouse Elec. Corp.*, 789 F.2d 705, 707 (9th Cir. 1986). The estate therefore became the real party in interest as to all claims alleged in this action. *See id.* However, because Paulson was a debtor in possession of the assets in the estate, he was entitled to continue prosecuting this action on behalf of the estate. *See* Bankruptcy R. 6009.

Page 3 - AMENDED FINDINGS AND RECOMMENDATION

By contrast, when, in November 2009, Paulson converted his Chapter 11 bankruptcy into a Chapter 7 bankruptcy, and Mitchell was appointed trustee of the bankruptcy estate, Paulson ceased to be a debtor in possession and thereby lost the power to prosecute this action. *See Turner*, 362 F.3d at 1226, n. 10. As trustee of the estate, Mitchell became the only party authorized to pursue the estate's claims in this action, by operation of law. *See, e.g.*, 11 U.S.C. §§ 701, 702, 704; *see also, e.g., Rosson v. Fitzgerald (In re Rosson)*, 545 F.3d 764, 770 (9th Cir. 2000).

Mitchell therefore was authorized to settle the estate's claims, as she did in February 2010, with the approval of the bankruptcy court. All claims in this action having been settled, there remains no genuine issue of material fact as to whether Paulson could be entitled to relief on any claim pending herein, and defendants are entitled to summary judgment in their favor as to all pending claims.

## CONCLUSION

For the reasons set forth above, defendants' motion (#78) for summary judgment should be granted, all claims in this action should be dismissed with prejudice, and all pending motions should be denied as moot. A final judgment should be prepared.

## SCHEDULING ORDER

The Findings and Recommendation will be referred to a district judge. Objections, if any, are due fourteen (14) days from service of the Findings and Recommendation. If no objections are filed, then the Findings and Recommendation will go under advisement on that date.

If objections are filed, then a response is due fourteen (14) days after being served with a copy of the objections. When the response is due or filed, whichever date is earlier, the Findings

Page 4 - AMENDED FINDINGS AND RECOMMENDATION

and Recommendation will go under advisement.

## NOTICE

A party's failure to timely file objections to any of these findings will be considered a waiver of that party's right to *de novo* consideration of the factual issues addressed herein and will constitute a waiver of the party's right to review of the findings of fact in any order or judgment entered by a district judge. These Findings and Recommendation are not immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to Rule 4(a)(1) of the Federal Rules of Appellate Procedure should not be filed until entry of judgment.

Dated this 20th day of September, 2010.

_____
Honorable Paul Papak
United States Magistrate Judge