UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

LAUREN PAULSON,

        Plaintiff,

v.

FAIRWAY AMERICA CORPORATION,
fka FAIRWAY COMMERCIAL
MORTGAGE CORPORATION, Oregon
corporations, FHLF, LLC, an Oregon
corporation, MATT BURK, STERLING
SAVINGS BANK, a Washington
corporation, WELLS FARGO
FOOTHILLS, a California corporation,
JOAN DOE, a mortgage broker, FRANK
KEEFE, a real estate broker, and JOEL
PARKER, a lawyer,

        Defendants.

Civil No. 08-982-PK

O R D E R

HAGGERTY, District Judge:

        Magistrate Judge Papak issued an Amended Findings and Recommendation [123] in this action. The Magistrate Judge recommended granting defendants' summary judgment motion [78] and dismissing the action in its entirety.

        Plaintiff has filed objections. When a party objects to any portion of the Magistrate Judge's Findings and Recommendation, the district court must make a *de novo* determination of

ORDER -- 1

that portion of the Magistrate's report. 28 U.S.C. § 636(b)(1)(B); *McDonnell Douglas Corp. v. Commodore Bus. Mach., Inc.*, 656 F.2d 1309, 1313 (9th Cir. 1981).

The court has given the file of this case a *de novo* review, carefully evaluating the Magistrate Judge's Findings and Recommendations, the objections, and the record of the case. The Findings and Recommendation is well-reasoned, without error, and is adopted in its entirety.

## ANALYSIS

The Magistrate Judge reviewed the relevant facts in this matter, noting that plaintiff was the sole member of Huber-Wheeler Crossing, LLC (HWC) in 2005 when HWC received a loan from defendant Fairway Commercial Mortgage Corporation (FCMC). This loan was defaulted upon in February 2008. In August 2008, plaintiff initiated a lawsuit against FCMC and other defendants, and has since amended his Complaint to include more defendants. Plaintiff's action alleges that FCMC misleads consumers and violates federal statutes in its lending practices. Plaintiff alleges that he was the victim of "steering," a predatory loan practice that exploits vulnerable borrowers, and asserts claims of fraud, violations of the Oregon lending laws, breach of contract, breach of "good faith and fair dealing," promissory estoppel, conspiracy, violations of federal law, interference with prospective economic advantage, usury, rescission, and other assertions.

As Magistrate Judge Papak noted, in April 2009 plaintiff arranged for HWC to convey to him two properties that served as collateral to FCMC's 2005 loan to HWC. Plaintiff then filed a Chapter 11 bankruptcy action, and maintained a status of "debtor in possession" regarding the conveyed properties, empowering plaintiff to continue his lawsuit against defendants.

In November 2009, plaintiff converted his Chapter 11 bankruptcy to a Chapter 7 bankruptcy proceeding, and Amy Mitchell was appointed trustee of the bankruptcy estate. The Magistrate Judge recognized that the conversion to Chapter 7 deprived plaintiff of his status as

ORDER -- 2

debtor in possession, and elevated the estate to the role of the real party in interest as to all claims alleged in this action.

The Magistrate Judge's reasoning is sound. Under Chapter 11, the debtor has express authority to sue and be sued. Bankruptcy Rule 6009, which applies to Chapters 7, 11, and 13, directs that "the trustee or debtor in possession may prosecute or may enter an appearance and defend any pending action or proceeding by or against the debtor, or commence and prosecute any action or proceeding on behalf of the estate before any tribunal." Fed. R. Bankr. P. 6009; *see also Chapman v. Currie Motors, Inc.*, 65 F.3d 78, 79-81 (7th Cir. 1995) (holding that federal courts have jurisdiction to hear state law claims brought by debtors in possession).

However, under Chapter 7, only the trustee has standing to prosecute or defend a claim belonging to the estate. *See In re New Era, Inc.*, 135 F.3d 1206, 1209 (7th Cir. 1998) (holding that the Chapter 7 trustee has the exclusive right to represent the debtor in court).

Trustee Mitchell was authorized to settle the bankruptcy estate's claims, and she did so in February 2010. The presiding Bankruptcy Court approved the settlement. Therefore, defendants are entitled to summary judgment against the prior claims advanced by plaintiff.

This court has examined plaintiff's objections, and his supplemental submissions that assert, in part, his belief that he is openly scorned by a total of fourteen judges or judicial officials. He also requests rulings on his past requests for injunctive relief. This court harbors no animus toward plaintiff. Of primary importance is whether the Findings and Recommendation at issue should be adopted after *de novo* review and scrutiny of plaintiff's objections to it.

These objections challenge the Findings and Recommendation on grounds that defendants' factual statements asserted in support of the summary judgment motion were based upon inadmissible evidence, the Bankruptcy Court lacked jurisdiction to approve the settlement

ORDER -- 3

that extinguished the claims advanced in this suit, and there has been no independent evaluation of the settlement's fairness. Plaintiff's objections are unpersuasive and fail to alter the conclusion that summary judgment is warranted under the facts presented.

Plaintiff's challenge to the Declaration filed by Greg Blair, general counsel to the successor in interest to FCMC, is without merit. To the extent that the Magistrate Judge relied upon declarations from Blair, such reliance was wholly proper. Blair was and is qualified to testify to the matters addressed in his Declaration.

Plaintiff's assertions regarding the possible significance of a declaration from Trustee Mitchell are similarly unavailing. There is no showing that Mitchell's testimony was necessary, or would have affected the Magistrate Judge's reasoning and conclusions.

The challenges regarding missing signatures on settlement documents also fail to reveal any grounds for refusing to adopt the Findings and Recommendation. Likewise, complaints about the provision or exclusion of various documents that do not affect the validity of the settlement agreement are unavailing.

This court also rejects plaintiff's allegations regarding the depiction of this action as a "class action." This case was never certified as a class action, and such a certification would not negate the effect of the settlement agreement.

Finally, plaintiff's arguments regarding the fairness of the settlement were properly presented to the bankruptcy court, and were properly resolved there. Plaintiff's continued disagreement on this issue fails to preclude adoption of the well-reasoned Findings and Recommendation.

**CONCLUSION**

The Amended Findings and Recommendation and the record has been scrutinized under a *de novo* review by this court. The Amended Findings and Recommendation [123] in this

ORDER -- 4

action is adopted. Defendants' summary judgment motion [78] is granted and the action is dismissed in its entirety. Accordingly, all pending motions, including plaintiff's Motion to Compel [136], Motion for a Temporary Restraining Order [115, 77, and 75], Motion for a Preliminary Injunction [92], and Motion for a Settlement Conference [76] are denied.

IT IS SO ORDERED.

Dated this  9  day of December, 2010.

/s/ Ancer L. Haggerty
Ancer L. Haggerty
United States District Judge

ORDER -- 5