FILED

FEB 23 2011

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

LAUREN PAULSON,

    Plaintiff,

v.

CV 08-982-PK

OPINION
AND ORDER

FAIRWAY AMERICA CORPORATION,
FRANKI KEEFE, FHLF, LLC, STERLING
SAVINGS BANK, WELLS FARGO
FOOTHILLS, JOAN DOE, MATT BURK,
and JOEL PARKER,

    Defendants.

PAPAK, Magistrate Judge:

    Plaintiff *pro se* Lauren Paulson filed this action against defendants Fairway America Corporation and Franki Keefe on August 21, 2008. Paulson amended his complaint on November 25, 2008, adding FHLF, LLC, Sterling Savings Bank, Wells Fargo Foothills, and Joan

Page 1 - OPINION AND ORDER

Doe as additional defendants. Paulson amended his complaint a second time on January 29, 2009, adding Matt Burk and Joel Parker as further additional defendants. On September 20, 2010, I recommended that summary judgment be granted in defendants' favor, and that Paulson's claims be dismissed in their entirety. On December 10, 2010, Judge Haggerty adopted my recommendation without modification.

Now before the court is defendant Keefe's motion (#154) for attorney fees and costs. I have considered the motion and all of the pleadings on file. For the reasons set forth below, further proceedings on Keefe's motion are deferred, Paulson is granted a period of two weeks within which to file an optional supplemental memorandum in opposition to Keefe's motion, and Keefe's motion is reset from the under advisement calendar for February 22, 2011, to the under advisement calendar for March 10, 2011.

## DISCUSSION

On April 15, 2008, plaintiff Paulson (signing as "Lauren Paulson, Trustee and Operating Manager") and defendant Keefe entered into a Listing Agreement with an effective period from April 22, 2008, through October 31, 2008, pursuant to which Keefe agreed to "market" real property located at 3980 SW 170th Avenue in Beaverton, Oregon (the "subject property") and Paulson agreed to pay Keefe a specified broker's fee in connection with any sale of the subject property within the effective period of the agreement. On April 24, 2008, Paulson (this time signing as "Lauren Paulson" only) and Keefe entered into a second such Listing Agreement, identical in its terms to the first. According to the terms of the Listing Agreements, Paulson agreed to "defend, indemnify and hold harmless [Keefe] from any liability, claims, damages, causes of action or suits arising out of, or relating to any breach of the representations and

Page 2 - OPINION AND ORDER

warranties set forth [in the agreements] or in any agreement for the sale of the [subject property]. . . ." The Listing Agreements further provide that "if . . . litigation is filed in connection with any dispute relating to [the Listing Agreements], the prevailing party shall be entitled to its attorney's fees and costs in connection with such . . . litigation and in any appeal therefrom and enforcement thereof."

Paulson filed this action on August 21, 2008, amending his complaint on November 25, 2008, and again on January 29, 2009. In his second amended complaint, Paulson alleged approximately eighteen claims against the defendants, including a claim that the defendants (including Keefe) conspired to defraud him by requiring him to list the subject property for sale with defendant Keefe, despite having the intention that Keefe would not actually arrange any sale of the subject property.

Paulson filed a Chapter 11 bankruptcy action in April 2009, and converted it to a Chapter 7 bankruptcy action in November 2009. The trustee of Paulson's Chapter 7 estate settled all claims asserted in this action in February 2010. On the basis of that settlement, the claims asserted in this action were dismissed effective December 10, 2010.

Citing the Listing Agreements' attorney fee provisions, Keefe now asserts a contractual right to award of her fees and costs as a prevailing party in this action. In opposition to Keefe's motion, Paulson advances the novel proposition that it is the trustee of the estate in his Chapter 7 bankruptcy action, and not Paulson himself, against whom Keefe's motion for attorney fees must necessarily be addressed. Paulson offers no authority in support of this position. In the event the court disagrees with his asserted legal position, Paulson requests in the alternative "an Extension of time to Respond, Production of Documents on the backup billing, Depositions of the

Page 3 - OPINION AND ORDER

Attorney's billing, Production of the Redacted documents and backup documents and *Moves the Court to so Compel*" (emphasis original).[1] Paulson does not identify the documents that would be within the scope of the terms "the backup billing," "the Redacted documents," or "the . . . backup documents," does not provide any clarification or elucidation of his unintelligible request for "Depositions of the Attorneys' billing," and offers no argument that good cause exists for re-opening discovery at this stage of these proceedings.

Paulson's chief argument in opposition to Keefe's motion is not well taken. Keefe is not now, and has not at any material time been, a creditor of either Paulson or of his estate. Her entitlement to award of attorney fees incurred in this action, if established, could not have arisen prior to December 10, 2010, when she became a prevailing party, and in any event no money judgment has issued to date in connection with Keefe's attorney fee petition. Neither party has provided the court with any authority to suggest that, under such circumstances, Keefe's claim for attorney fees must be either denied or in some sense referred to the trustee in bankruptcy, and I am aware of no such authority. In consequence, Paulson's arguments provide no basis for denying Keefe's motion.

As noted above, Paulson's memorandum submitted in opposition to Keefe's motion contains an informal request for extension of time to respond to the motion, what may perhaps best be construed as an expression of future intent to issue various requests for discovery, and, apparently, an informal motion to compel responses to the unspecified, as-yet-unissued discovery

---

[1] Paulson also noted, correctly, that the billing records submitted in support of Keefe's motion included records of time expenditures in connection with proceedings other than this action. In response, Keefe has amended her petition and asserts that all such time expenditures have been removed.

Page 4 - OPINION AND ORDER

requests. Under Local Rule 7.1(b), it is procedurally improper to combine motions with an opposition memorandum. *See* L.R. 7.1(b). Moreover, under Local Rule 7.1(c), each motion must be accompanied by a separately filed legal memorandum providing points and authorities in support of the motion. *See* L.R. 7.1(c). Nevertheless, because Paulson is a *pro se* litigant, it is appropriate to construe his filings liberally, and to forgive minor procedural improprieties where it is possible to do so without causing prejudice to an opposing party. I therefore consider the merits of Paulson's informal motions.

Although Paulson provides no explanation for his failure to set forth arguments opposing Keefe's motion on its merits at the same time that he filed his opposition memorandum, in the interest of ensuring that Paulson may have a full opportunity to be heard on the issue before it is decided, Paulson's informal motion for extension of time is granted, and Paulson is allowed a period of two weeks, or until March 9, 2011, to file an optional supplemental memorandum in opposition to Keefe's motion, specifically to address the merits of Keefe's assertion of entitlement to an award of her attorney fees, the reasonableness of the hourly rate at which Keefe requests that her counsel be compensated, and/or the reasonableness of the time expenditures for which Keefe requests that her counsel be compensated. In addition, Keefe's motion is reset from the under advisement calendar of February 22, 2011, to the under advisement calendar of March 10, 2011. Paulson's informal motion to compel is denied, on the grounds that there are no discovery requests currently pending in this action.[2]

---

[2] I do not order that discovery be re-opened at this time, and make no finding that Paulson is entitled to discovery in connection with Keefe's fee petition.

Page 5 - OPINION AND ORDER

## CONCLUSION

For the reasons set forth above, further proceedings in connection with Keefe's motion (#154) for attorney fees and costs are deferred as discussed above, Paulson may file an optional supplemental memorandum in opposition to Keefe's motion at any time on or before March 9, 2011, and Keefe's motion is reset from the under advisement calendar of February 22, 2011, to the under advisement calendar of March 10, 2011.

Dated this 23rd day of February, 2011.

*/s/ Paul Papak*

Honorable Paul Papak
United States Magistrate Judge