IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

LAUREN PAULSON,

Plaintiff,

v.

FAIRWAY AMERICA CORPORATION, FRANKI KEEFE, FHLF, LLC, STERLING SAVINGS BANK, WELLS FARGO FOOTHILLS, JOAN DOE, MATT BURK, and JOEL PARKER,

Defendants.

CV 08-982-PK

FINDINGS AND RECOMMENDATIONS

PAPAK, Magistrate Judge:

Plaintiff *pro se* Lauren Paulson filed this action against defendants Fairway America Corporation and Franki Keefe on August 21, 2008. Paulson amended his complaint on November 25, 2008, adding FHLF, LLC, Sterling Savings Bank, Wells Fargo Foothills, and Joan

Doe as additional defendants. Paulson amended his complaint a second time on January 29, 2009, adding Matt Burk and Joel Parker as further additional defendants.

Paulson filed a Chapter 11 bankruptcy action in April 2009, and converted it to a Chapter 7 bankruptcy action in November 2009. In or around February 2010, the trustee of Paulson's Chapter 7 estate reached an agreement with the defendants to settle all claims asserted in this action in exchange for a payment to the estate in the amount of $5,000, and on April 28, 2010, Bankruptcy Judge Dunn approved the proposed settlement. On September 20, 2010, on the grounds that the trustee had settled all of Paulson's claims, I recommended that summary judgment be granted in defendants' favor, and that Paulson's claims be dismissed in their entirety. On December 10, 2010, Judge Haggerty adopted my recommendation without modification. On December 27, 2010, Paulson filed an appeal from judgment in this action to the Ninth Circuit.

On January 13, 2011, defendant Keefe filed a motion (#154) for attorney fees and costs, and on January 26, 2011, Paulson filed a response thereto. In his response, Paulson asserted the novel proposition that it was the trustee of his estate in bankruptcy that was the real party in interest to whom Keefe's motion should be directed, and requested, in the event the court rejected that theory, an extension of time within which to respond to the merits of Keefe's motion. On February 23, 2010, I rejected Paulson's theory that he was not a party to whom Keefe's motion could properly be directed, and granted Paulson a period of two weeks within which to file an optional supplemental memorandum in opposition to Keefe's motion, "specifically to address the merits of Keefe's assertion of entitlement to an award of her attorney fees, the reasonableness of the hourly rate at which Keefe requests that her counsel be compensated, and/or the reasonableness of the time expenditures for which Keefe requests that her counsel be

compensated." Paulson elected not to file any such memorandum, and instead filed, on the last day of the two-week period, a motion for declaratory judgment and for stay of all proceedings (which Judge Haggerty denied on jurisdictional grounds on April 28, 2011).

Subsequently, on May 16, 2011, Judge Haggerty *sua sponte* stayed further proceedings in connection with Keefe's motion pending the outcome of Paulson's appeal to the Ninth Circuit. On June 28, 2011, the Ninth Circuit summarily affirmed this court's judgment in this action, and on July 20, 2011, the Ninth Circuit's decision became effective. On August 23, 2011, I therefore lifted the stay of further proceedings in connection with Keefe's motion. Counsel for Keefe subsequently advised the court that Keefe would not be seeking fees in connection with Paulson's appeals, with the consequence that Keefe intends to proceed on her motion as fully briefed prior to imposition of the stay.

Now before the court, therefore, is defendant Keefe's motion (#154) for attorney fees and costs. I have considered the motion and all of the pleadings on file. For the reasons set forth below, Keefe's petition should be denied.

**ANALYSIS**

Keefe requests that the court tax Paulson with her attorney fees incurred in defending Paulson's civil conspiracy claim in the amount of $18,316.50, and with her costs in the amount of $205. In support, Keefe offers the declaration of her attorney, Cally J. Korach, attached to which are time records reflecting what Korach declares to be an itemization of hours expended, legal services rendered, and costs incurred in connection with defending Paulson's claim. The time records reflect expenditures of 3.7 hours by a timekeeper identified only as "AKM" for which Keefe requests compensation at an hourly rate of $85.00, an additional 4.5 hours by timekeeper

AKM for which Keefe requests compensation at an hourly rate of $150.00, 34.0 hours by a timekeeper identified only as "BFP" for which Keefe requests compensation at an hourly rate of $150.00, 15.0 hours by a timekeeper identified only as "CJK" (presumably Korach) for which Keefe requests compensation at an hourly rate of $165.00, 44.2 hours by a timekeeper identified only as "CJW" for which Keefe requests compensation at an hourly rate of $165.00, 0.1 hours by a timekeeper identified only as "RJK" for which Keefe requests compensation at an hourly rate of $165.00, and 0.5 hours by a timekeeper identified only as "SMM" for which Keefe requests compensation at an hourly rate of $85.00. In addition, the records reflect expenditure of $105.69 on costs incurred in connection with defending Paulson's claim. Keefe thus claims to be entitled to compensation for her attorneys' time expenditures in the total amount of $15,916.50, and for costs in the total amount of $105.69. In addition, Keefe claims entitlement to a total of $2,400.00 in "anticipated, future" fees and $100.00 in "anticipated, future" costs in connection with which she offers no documentation or explanation.

In analyzing a party's fee petition, it is necessary first to determine whether the petitioner is entitled to an award of attorney fees in any amount. In the event the petitioner is so entitled, it then becomes necessary to determine the amount of the award to which the petitioner is entitled. Because, for the reasons that follow, I conclude that Keefe is not entitled to an award of attorney fees in any amount, I do not analyze the reasonableness of her requested award in this Findings and Recommendation..

On April 15, 2008, plaintiff Paulson (signing as "Lauren Paulson, Trustee and Operating Manager") and defendant Keefe entered into a Listing Agreement with an effective period from April 22, 2008, through October 31, 2008, pursuant to which Keefe agreed to "market" real

property located at 3980 SW 170th Avenue in Beaverton, Oregon (the "subject property"), and Paulson agreed to pay Keefe a specified broker's fee in connection with any sale of the subject property within the effective period of the agreement. On April 24, 2008, Paulson (this time signing as "Lauren Paulson" only) and Keefe entered into a second such Listing Agreement, identical in its terms to the first. According to the terms of the Listing Agreements, Paulson agreed to "defend, indemnify and hold harmless [Keefe] from any liability, claims, damages, causes of action or suits arising out of, or relating to any breach of the representations and warranties set forth [in the agreements] or in any agreement for the sale of the [subject property]. . . ." The Listing Agreements further provide that "if . . . litigation is filed in connection with any dispute relating to [the Listing Agreements], the prevailing party shall be entitled to its attorney's fees and costs in connection with such . . . litigation and in any appeal therefrom and enforcement thereof."

Paulson filed this action on August 21, 2008, amending his complaint on November 25, 2008, and again on January 29, 2009. In his second amended complaint, Paulson alleged approximately eighteen claims against the defendants, including a claim that the defendants (including Keefe) conspired to defraud him by requiring him to list the subject property for sale with defendant Keefe, despite having the intention that Keefe would not actually facilitate any sale of the subject property.[1] Citing the Listing Agreements' attorney fee provisions, Keefe now asserts a contractual right to award of her fees and costs as a prevailing party as to Paulson's civil conspiracy claim in this action.

---

[1] Paulson alleged the same conspiracy claim against Keefe (and other defendants) in each of his previous pleadings, and at no time alleged any additional claim against Keefe.

When the federal courts exercise subject-matter jurisdiction over a state-law claim, state law governs the right, if any, of the parties to award of attorney fees in connection with the resolution of that claim (other than in the rare instance where state law conflicts with applicable federal law). *See MRO Communs., Inc. v. AT&T Co.*, 197 F.3d 1276, 1281 (9th Cir. 1999), *quoting Alyeska Pipeline Serv. Co. v. Wilderness Society*, 421 U.S. 240, 259 n. 31 (1975). Where, as here, the court exercises supplemental jurisdiction over a state-law claim, the same principle applies with equal force. *See, e.g., Bass v. First Pac. Networks, Inc.*, 219 F.3d 1052, 1055, n. 2 (9th Cir. 2000), *citing United Mine Workers v. Gibbs*, 383 U.S. 715, 726 (1966); *Mangold v. California Pub. Utils. Comm'n*, 67 F.3d 1470, 1478 (9th Cir. 1995). Keefe's petition must therefore be decided under Oregon law.

Or. Rev. Stat. 20.077 provides, in relevant part, that:

> (1) In any action or suit in which one or more claims are asserted for which an award of attorney fees is either authorized or required, the prevailing party on each claim shall be determined as provided in this section. The provisions of this section apply to all proceedings in the action or suit, including arbitration, trial and appeal.
>
> (2) For the purposes of making an award of attorney fees on a claim, the prevailing party is the party who receives a favorable judgment or arbitration award on the claim. If more than one claim is made in an action or suit for which an award of attorney fees is either authorized or required, the court or arbitrator shall:
>
> (a) Identify each party that prevails on a claim for which attorney fees could be awarded;
>
> (b) Decide whether to award attorney fees on claims for which the court or arbitrator is authorized to award attorney fees, and the amount of the award;
>
> (c) Decide the amount of the award of attorney fees on claims for which the court or arbitrator is required to award attorney fees; and

(d) Enter a judgment that complies with the requirements of ORS 18.038 and 18.042.

Or. Rev. Stat. 20.077. "To determine who is the prevailing party on each claim, a court must weigh 'what was sought by each party against the result obtained.'" *Beggs v. Hart*, 221 Or. App. 528, 537-538 (2008), *quoting Lawrence v. Peel*, 45 Or. App. 233, 243 (1980). However, "it is not always easy to determine who is the prevailing party in a dispute, and there may be instances where there is a standoff." *Lawrence*, 45 Or. App. at 243. Indeed, while "there can be only one prevailing party for purposes of an award of attorney fees, . . . there need not always be a winner." *Id., citing Marquam Investment Corp. v. Myers*, 35 Or. App. 23 (1978). Even where, as here, a contractual attorney fee provision provides for mandatory award of fees to the prevailing party, "it does not follow that fees must be awarded. If both parties prevailed, or neither of them prevailed, an award of attorney's fees would not be appropriate or required." *Id.* (footnote omitted).

Here, Keefe asserts that she is the prevailing party on Paulson's civil conspiracy claim, but provides no evidence or argument in support of her assertion. I note, however, that in connection with his conspiracy claim, Paulson prayed for an award of money damages only, and that his conspiracy claim, together with each of the other claims alleged in his second amended complaint, was ultimately settled in exchange for a payment of money in the amount of $5,000. While the $5,000 paid to Paulson's estate in bankruptcy constituted only a small proportion of the $1,000,000 in damages prayed for in Paulson's complaint, it cannot be said that Paulson took nothing on his claim. In consequence of Paulson's partial success in litigating his claims, I conclude that no party clearly prevailed over any other in connection with the settlement

approved by Judge Dunn on April 28, 2010. Because Keefe has not met her burden to establish entitlement to an award of attorney fees in any amount, Keefe's fee petition should be denied.

## CONCLUSION

For the reasons set forth above, I recommend that Keefe's motion (#154) for attorney fees and costs be denied.

## SCHEDULING ORDER

The Findings and Recommendation will be referred to a district judge. Objections, if any, are due fourteen (14) days from service of the Findings and Recommendation. If no objections are filed, then the Findings and Recommendation will go under advisement on that date.

If objections are filed, then a response is due fourteen (14) days after being served with a copy of the objections. When the response is due or filed, whichever date is earlier, the Findings and Recommendation will go under advisement.

Dated this 12th day of September, 2011.

Honorable Paul Papak
United States Magistrate Judge