IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

LAUREN PAULSON,                                   3:08-CV-00982-PK

       Plaintiff,

                                   OPINION AND ORDER

v.

FAIRWAY AMERICA CORPORATION,
fka FAIRWAY COMMERCIAL
MORTGAGE CORPORATION, Oregon
corporations; FHLF, LLC, an
Oregon corporation; MATT
BURK; STERLING SAVINGS BANK,
a Washington corporation;
WELLS FARGO FOOTHILLS, a
California corporation; JOAN
DOE, a mortgage broker;
FRANKI KEEFE, a real estate
broker; and JOEL PARKER,

       Defendants.


LAUREN PAULSON
P.O. Box 19303
Portland, OR 97280

       Plaintiff, *Pro Se*

CRAIG G. RUSSILLO

1 - OPINION AND ORDER

**ANNA M. HELTON**
**SARA KOBAK**
Schwabe Williamson & Wyatt, PC
1600-1900 Pacwest Center
1211 S.W. Fifth Avenue
Portland, OR 97204
(503) 796-2092

   Attorneys for Defendants Fairway America Corporation;
   FHLF, LLC; Wells Fargo Foothills; and Matt Burk

**CALLISTE J. KORACH**
Hart Wagner, LLP
1000 S.W. Broadway
Suite 2000
Portland, OR 97205
(503) 222-4499

   Attorneys for Defendant Frank Keefe

**GEANA M. VAN DESSEL**
**LESLIE R. WEATHERHEAD**
Witherspoon, Kelley Davenport & Toole P.S.
422 West Riverside Avenue
Suite 1100
Spokane, WA 99201-0300
(509) 624-5265

   Attorneys for Defendant Sterling Savings Bank

**PAUL A.C. BERG**
Cosgrave Vergeer Kester LLP
805 S.W. Broadway, 8th Floor
Portland, OR 97205
(503) 323-9000

   Attorneys for Defendant Joel Parker

**BROWN, Judge.**

  This matter comes before the Court on Plaintiff's Motion
(#207) for Reconsideration of Order.  For the reasons that
follow, the Court **GRANTS** Plaintiff's Motion to the extent that

2 - OPINION AND ORDER

the Court reconsiders its October 15, 2012, Opinion and Order.
The Court, however, **ADHERES** to its holding in the October 15,
2012, Opinion and Order.


## BACKGROUND

On August 21, 2008, Plaintiff Lauren Paulson filed an action
in this Court against Defendants Fairway America Corporation and
Frank Keefe asserting eighteen claims related to Defendants'
allegedly improper lending practices.  On November 25, 2008,
Plaintiff filed a First Amended Complaint to add FHLF, Sterling
Savings Bank, Wells Fargo Foothills, and John Doe as Defendants.
On January 29, 2009, Plaintiff filed a [Second] Amended Complaint
to add Matt Burk and Joel Parker as Defendants.

On April 8, 2009, Plaintiff filed for bankruptcy.  On
February 25, 2010, the Trustee for Plaintiff's bankruptcy estate
filed in the Bankruptcy Court a motion and notice of intent
to settle and to compromise the action in this Court and other
litigation in exchange for a payment of $5,000.

On May 13, 2010, the Bankruptcy Court entered an order
approving a settlement agreement between Plaintiff's bankruptcy
Trustee and Defendants in this action in which Defendants were
released from all claims in the action in this Court.
Plaintiff appealed the Bankruptcy Court's approval of the
settlement to the Bankruptcy Appellate Panel of the Ninth

3 - OPINION AND ORDER

Circuit.

On June 1, 2010, Defendants filed a Motion for Summary Judgment in this action seeking dismissal of all of Plaintiff's claims on the grounds that they had been settled by the Trustee in the bankruptcy matter.

On September 20, 2010, Magistrate Judge Papak issued Amended Findings and Recommendation in which he found the Trustee's settlement was valid and enforceable, and, therefore, recommended the Court grant Defendants' Motion for Summary Judgment and dismiss this matter.

On December 10, 2010, the Court entered an Order adopting the Amended Findings and Recommendation in which the Court granted Defendants' Motion for Summary Judgment and dismissed this matter.  On December 10, 2010, the Court entered a Judgment dismissing this action.

On December 27, 2010, Plaintiff appealed the Court's Order and Judgment to the Ninth Circuit.

On March 16, 2011, the Ninth Circuit entered an order to show cause in which it found Plaintiff's appeal was frivolous and ordered Plaintiff to show cause why the Judgment should not be summarily affirmed.

On June 28, 2011, the Ninth Circuit entered an order affirming the Judgment noting "the questions raised in [the] appeal [were] so insubstantial as not to require further

argument."

On May 10, 2011, the Bankruptcy Appellate Panel's affirmed the Bankruptcy Court's Order and the settlement.  Plaintiff appealed the Bankruptcy Appellate Panel's decision to the Ninth Circuit.

On October 4, 2011, the Ninth Circuit dismissed Plaintiff's appeal of the decision of the Bankruptcy Appellate Panel on the ground that Plaintiff failed to establish the matter "warrant[ed] the intervention of [the Ninth Circuit] by means of the extraordinary remedy of mandamus."

On August 12, 2012, Plaintiff filed in this Court an Application for Leave to Proceed *In Forma Pauperis*, a Motion to Reopen Case, a Motion for Temporary Restraining Order, a Motion to Appoint Out of District Judge, and a Motion for Appointment of Counsel.

On October 15, 2012, the Court entered an Opinion and Order denying Plaintiff's Motions on the ground that the Court did not find any basis under Federal Rule Civil Procedure Rule 60(b) to relieve Plaintiff from the Judgment in this matter.

On November 2, 2012, Plaintiff filed a Motion for Reconsideration in which he seeks reconsideration of the Court's October 15, 2012, Opinion and Order.

Defendants filed Responses on November 28, 2012.  The Court took this matter under advisement on December 19, 2012.

5 - OPINION AND ORDER

## DISCUSSION

Plaintiff relies on Federal Rule of Civil Procedure 54(b) and *School District No. 1J Multnomah County, OR v. ACandS, Incorporated,* to support his request for reconsideration.

Rule 54(b) allows a court to enter a final judgment as to fewer than all claims or parties if the court determines there is no just reason for delay. Rule 54(b), however, specifies a judgment pursuant to that Rule "may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities." As noted, on December 10, 2010, the Court entered a Judgment dismissing this action in its entirety. Accordingly, Rule 54(b) does not provide Plaintiff any relief under the circumstances.

Similarly, in *ACandS* the Ninth Circuit reviewed the district court's denial of the plaintiff's motion to alter or to amend judgment pursuant to Federal Rule of Civil Procedure 59(e). 5 F.3d 1255, 1263 (9th Cir. 1993). A motion to alter or amend a judgment under Rule 59(e), however, "must be filed no later than 28 days after the entry of the judgment." Fed. R. Civ. P. 59(e). As noted, the Court entered a Judgment on December 10, 2010. Rule 59(e), therefore, does not provide Plaintiff relief from the Judgment entered in matter.

Finally, the Court notes that in his Motion Plaintiff continues to rely on the same arguments he has made a number of

times in this action.

Accordingly, the Court declines to alter its October 15, 2012, Opinion and Order.

## CONCLUSION

For these reasons, the Court **GRANTS** Plaintiff's Motion (#207) for Reconsideration of Order to the extent that the Court reconsiders its October 15, 2012, Opinion and Order.  The Court, however, **ADHERES** to its holding in the October 15, 2012, Opinion and Order.

The Court also **DIRECTS** the Clerk of Court not to accept any further requests for reconsideration from Plaintiff in this matter.  Plaintiff, of course, may seek review by the Ninth Circuit Court of Appeals of this Court's rulings on the reconsideration issues.

IT IS SO ORDERED.

DATED this 29th day of January, 2013.


/s/ Anna J. Brown

_____
ANNA J. BROWN
United States District Judge